**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:15-CR-59-TLS |
| | ) | |
| DARIN KAUFMANN, | ) | |

**OPINION AND ORDER**

The Defendant, Darin Kaufmann, pled guilty to receipt of material involving sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(2), and to possession with intent to view material involving sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(4)(B). The probation officer drafted a Presentence Investigation Report (PSR) in preparation for sentencing. This Opinion and Order resolves the Defendant's objections to the PSR.

**BACKGROUND**

On November 20, 2015, the Government filed a two-count Indictment [ECF No. 1]. Count 1 charged the Defendant with receipt of materials involving the sexual exploitation of a minor, pursuant to 18 U.S.C. § 2252(a)(2). Count 2 charged the Defendant with possession with intent to view materials involving the sexual exploitation of a minor, pursuant to 18 U.S.C. § 2252(a)(4)(B). A Notice of Penalties [ECF No. 2] was also filed on November 20, 2015, in which the Government notified the Defendant of mandatory minimum sentences based upon previous qualifying convictions. On May 6, 2016, the Defendant changed his plea to guilty and the Magistrate Judge entered a Report and Recommendation (R & R) [ECF No. 28], and on May 23, 2016, this Court accepted the recommended disposition and adjudged the Defendant guilty, [ECF No. 30].

In the PSR [ECF No. 34], the probation officer included the statutory mandatory

minimum sentences for Count 1 and Count 2, pursuant to 18 U.S.C. § 2252(b)(1)–(2), due to the

Defendant's previous conviction, (PSR ¶¶ 39, 88–89). On July 26, 2016, the Defendant lodged

his objections.[1] [ECF No. 36.] The Government filed its Response [ECF No. 38] on August 3,

2016. The Defendant's Reply [ECF No. 39] was dated September 12, 2016.

## ANALYSIS

Under the Sixth Amendment and the Due Process Clause, an accused has the right to

proof of each element of a crime beyond a reasonable doubt. *Alleyne v. United States*, 133 S. Ct.

2151, 2156 (2013) (first citing *United states v. Gaudin*, 515 U.S. 506, 510 (1995); then citing *In

re Winship*, 397 U.S. 358, 364 (1970)). The Defendant objects that the Court's use of his

previous qualifying conviction violates his Sixth Amendment and Due Process rights. Relying

upon *Alleyne*, the Defendant argues that the Indictment did not charge him with the previous

qualifying conviction that triggered the statutory mandatory minimum sentences, nor was the

existence of that conviction proved beyond a reasonable doubt. *See Alleyne*, 133 S. Ct. at 2155

("[A]ny fact that increases the mandatory minimum is an 'element' that must be submitted to the

jury."). However, *Alleyne* left unchanged a narrow exception to this rule: a prior conviction that

enhances a mandatory minimum sentence does not need to be proved beyond a reasonable doubt

because it is not an element of the crime, only a sentencing factor. *See Almendarez-Torres v.

United States*, 523 U.S. 224, 240–47 (1998); *see also Alleyne*, 133 S. Ct. 2160 n.1.

The statutory provisions relevant to the Defendant's sentencing state that:

---

[1] The Defendant filed an opposition to the R & R, but the R & R was adopted on May 23, 2016.
[ECF No. 30.] Accordingly, the Defendant's Objection to the R & R was not timely filed. Fed. R. Crim.
P. 59(b)(2) (noting that "within 14 days after being served with a copy [of the R & R] . . . a party may
serve and file specific written objections" to the R & R). Given the time of filing and the substantive
arguments raised therein, the Court treats the Defendant's Opposition as an objection to the PSR. *See id.*
32(f).

(b)(1) Whoever violates . . . paragraph (1), (2), or (3) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but if such person has a prior conviction . . . under the laws of any State relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, . . . such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years;

(2) Whoever violates . . . paragraph (4) of subsection (a) shall be fined under this title or imprisoned not more than 10 years, or both, but if . . . such person has a prior conviction . . . under the laws of any State relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

18 U.S.C. § 2252(b)(1)–(2). The Court finds that *Almendarez-Torres* controls this issue. The existence of a prior conviction under § 2252(b) is not an element of either crime enumerated in § 2252(a). Rather, the existence of a prior conviction is a sentencing factor that increases the crimes' mandatory minimum sentences. Accordingly, the Government was not required to charge the Defendant's qualifying prior conviction in the Indictment itself. *Alleyne*, 133 S. Ct. 2160 n.1; *Almendarez-Torres*, 523 U.S. at 247. The Defendant has a prior conviction under Indiana state law for the possession of child pornography (PSR ¶ 39), which is a crime "under the laws of any State relating to . . . possession . . . of child pornography." § 2252(b)(1)–(2). The probation officer's reliance upon this prior conviction to increase the mandatory minimum sentence, and thus the low end of the guideline range, was proper.

As an alternative argument, the Defendant cites to *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court provided instructions for how to determine when a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act's (ACCA) mandatory enhancement provisions. *Id.* at 2248 (noting that a crime is a predicate offense under the ACCA when "its elements are the same as, or narrower than, those of the generic offense").

Because *Mathis* only analyzed the ACCA, the Court declines to extend its holding to the statute at issue here.

## CONCLUSION

For the reasons stated above, the Defendant's objections to the PSR are OVERRULED.

SO ORDERED on September 22, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT