**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA  )
            )
v.           )   CASE NO.: 1:15-CR-59-HAB
            )
DARIN KAUFMANN     )

## OPINION AND ORDER

Darin Kaufmann ("the Defendant") filed a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 105). The Government filed its response to his Motion on September 9, 2020. (ECF No. 110). For the following reasons, the Defendant's Motion will be DENIED.

## PROCEDURAL BACKGROUND

On November 20, 2015, the Defendant was charged in a two count Indictment with receipt of material involving the sexual exploitation of a minor in violation of 18 U.S.C. § 2552(a)(2) and possession with intent to view material involving the sexual exploitation of a minor in violation of 18 U.S.C. § 2252(a)(4)(B). (ECF No. 1). These charges stemmed from an investigation during which photographs of naked children and a VHS tape were discovered. All told, the Defendant's computer had 740 images and 84 videos of child pornography. The images included bondage, adults with infants, and adults with small children and the videos were mostly men having sex with prepubescent girls, some were sex with prepubescent boys, and some were solo prepubescent boys and girls. (Presentence Investigation Report, ¶¶ 7–12, ECF No. 84). After pleading guilty on May 6, 2016, the Defendant was sentenced to the statutory minimum of 180 months of imprisonment and five years of supervised release. (ECF No. 97).  The Defendant is presently housed at FCI Greenville in Greenville, Illinois with an anticipated release date in September 2028.

## **DISCUSSION**

The Defendant's Motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

(1) in any case --

   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—

(i) extraordinary and compelling reasons warrant such a reduction …

… and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because the Defendant, not the Director of the BOP, filed the motion, the Government asserts that the Defendant must first demonstrate that he meets the statutory exhaustion requirement to proceed further, and he has not done so here. The Defendant's motion offers no indication that he, in fact, exhausted his administrative remedies.

This Court has previously held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional, *see United States v. Hayden*, No. 1:07-CR-68-HAB, 2020 WL 2079293, at *1 (N.D. Ind. Apr. 30, 2020); see also *United States v. Santiago*, No. 2:16-CR-174-JVB-JEM, 2020 WL 3396899, at *2 (N.D. Ind. June 19, 2020); *United States v. Council*, No. 1:14-CR-14-5-TLS-SLC, 2020 WL 3097461, at *4 (N.D. Ind. June 11, 2020); *United States v. Cox*, No. 4:18-cr-17-TWP-

VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020). Thus, the Defendant's motion is properly adjudicated in this Court regardless of whether he has or has not completed the statutory exhaustion process.[1]

This Court has repeatedly declined to weigh in on whether the exhaustion requirement is a mandatory one or subject to equitable considerations, such as waiver. *See United States v. Russell*, No. 1:14-CR-6-HAB, 2020 WL 2989160, at *3 (N.D. Ind. June 4, 2020) ("District courts across the country are struggling daily with whether strict compliance with the exhaustion provision is necessary, especially in light of the serious risks associated with COVID-19.") (listing cases). Because of the absence of clear precedent on exhaustion, this Court's preference has been to "put to the side the thorny issue of exhaustion to tackle the easier issue" of whether the defendant has presented extraordinary and compelling reasons to warrant a sentence reduction. *United States v. Wolfe*, 1:15-cr-169, 2020 WL 2615010, at *2 (S.D. Ind. May 22, 2020); *Council*, 2020 WL 3097461, at *5. This case is no different.

The Defendant's sole basis for compassionate release is the existence of COVID-19. He asserts there is "no prison ready for the deadly virus and medical care and treatment is severaly [sic] poor here in prison." (ECF No. 105). He also asserts that "Petitioner may have a safe home plan he can release to upon granting of the motion." (*Id.*).

Congress did not define "extraordinary and compelling reasons" in the statute, instead delegating the matter to the Sentencing Commission to promulgate a policy statement that "describe[s] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

---

[1] The Court is aware that the Government resists the argument that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and has, in all other compassionate release cases in this division, reserved its right to contest this issue.

The policy statement, contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes, in line with the statutory directive in § 3582(c)(1)(A), requires a court to make several findings.

First, the court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). To this end, a court is to consider the medical condition of the defendant, his age, his family circumstances, and whether there exists in the defendant's case an extraordinary or compelling reason "other than or in combination with" the other reasons described in the Application Notes. Second, the Court must determine whether the Defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Additionally, when the Defendant moves for a reduction based on COVID-19, Courts have also considered: (1) the specificity of the defendant's COVID-19 concerns, (2) whether the defendant has a medical condition that makes him especially susceptible to the dangers of COVID-19, and (3) the extent that the defendant's release would mitigate or aggravate the COVID-19 pandemic. *See Council*, 2020 WL 3097461, at *5–7; *United States v. Barrett*, No. 2:17-CR-1, 2020 WL 3264112, at *3 (N.D. Ind. June 17, 2020); *see also United States v. Davis*, No. 2:19-CR-74-3, 2020 WL 1951652, at *1–2 (N.D. Ind. Apr. 23, 2020) (applying similar factors to consider whether there was a "compelling reason" for pretrial release due to the COVID-19 pandemic). In the context of the COVID-19 pandemic, "§ 3582(c)(1)(A) contemplates a sentence reduction for specific individuals based on the individuals' particular circumstances of where he is housed and

his personal health conditions." *See Council*, 2020 WL 3097461, at *5; *United States v. Melgarejo*,

No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D.Ill. May 12, 2020). !

In this case, the Defendant's filings give this Court no reasons, let alone extraordinary or

compelling ones, to justify granting his motion. The Defendant has not articulated any medical

condition that makes him more susceptible to the virus nor has he provided any basis for the Court

to conclude that he suffers from a serious condition that increases the likelihood of severe

consequences from COVID-19.[2] He also has not identified any family circumstances, advanced

age or any other reasons that would justify the relief sought.

As for his confinement, as of the date of this Opinion and Order, FCI Greenville is reporting

22 COVID-19 positive inmates out of 1,019 inmates, 74 recovered inmates and zero inmate

deaths.[3]  Thus, there is no evidence to suggest that the conditions at FCI Greenville place him at a

significantly greater risk. *See, Melgarejo*, , 2020 WL 2395982, at *3 ("[A] prisoner [may] satisfy

the extraordinary and compelling reasons requirement by showing that his particular institution is

facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain

the outbreak, and his health condition places him at significant risk of complications should he

contract the virus."), *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere

existence of COVID-19 in society and the possibility that it may spread to a particular prison alone

cannot independently justify compassionate release.").

Moreover, the Government's brief cites ongoing efforts by the Bureau of Prisons to take

serious and substantial steps to reduce the spread of COVID-19 within its facilities. *See*  Federal

---

[2] At the time of his presentence report, the Defendant self-reported the following physical conditions: pinched nerves in his back, stomach pain, constipation, hemorrhoids, heartburn, anemia and rectal bleeding. None of these conditions, even if currently existing, are comorbidities the CDC has determined make an individual more susceptible to serious illness from COVID-19.

[3] https://www.bop.gov/coronavirus/

Bureau of Prisons, COVID-19 Action Plan: Phase Seven (posted on May 20, 2020), https://www.bop.gov/resources/news/20200520_covid-19_phase_seven.jsp (last visited October 7, 2020); see also, BOP COVID-19 Modified Operations Plan, https://www.bop.gov/coronavirus/covid19_status.jsp. The minimal number of cases at this institution is a testament to the BOP's mitigation and safety efforts.

Finally, with respect to the § 3553(a) factors and the danger he poses to the community, the Court finds that the nature of the Defendant's offense conduct combined with his criminal history of similar offenses creates a substantial danger to the community. Indeed, the Defendant has two state convictions for possession of child pornography and has previously violated his sex offender registry requirements.  These prior behaviors do not instill confidence in the Court that the Defendant poses no threat to the community or that he would refrain from repeating the offense conduct that landed him in federal prison currently.  Additionally, the Court observes that the Defendant received a mandatory minimum sentence of 180 months and has nearly 8 years of his sentence remaining. This sentence was imposed to reflect the seriousness of the offense, promote respect for the law as well as to afford adequate deterrence and to protect the public from further crimes of the defendant. In this case, the Court finds that the significant sentence reduction Defendant seeks would greatly undermine the above statutory purposes of sentencing.

In sum, because this Court does not find extraordinary and compelling circumstances exist for the Defendant's release and a reduction of sentence is inconsistent with the § 3553(a) factors, Defendant does not meet the criteria for compassionate release and his motion is DENIED.

## **CONCLUSION**

Based on the foregoing, the Defendant's Motion (ECF No. 105) is DENIED.

So ORDERED on October 7, 2020.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT